## Commonwealth, By, etc. v. Intersouthern Life Insurance Company, etc.

(Decided January 20, 1915.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Statutes—Construction—Effect of on Subsequent Cases.—When a statute of the State has been construed by the Court of Appeals, such construction is conclusive in all subsequent cases to which the provisions construed must be applied.

MATT J. HOLT and A. SCOTT BULLITT for appellants.

BENNETT H. YOUNG and MARION RIPY for appellees.

Opinion of the Court by Judge Settle—Reversing.

This appeal is prosecuted by a revenue agent, in the name of the Commonwealth of Kentucky, from a judgment of the Jefferson Circuit Court, dismissing without prejudice, and at the cost of the relator, this action, which was brought against appellee for the purpose of recovering taxes on property alleged to have been omitted from assessment. In the opinion of the circuit court the dismissal of the action was authorized by Chapter 115, Artcle 2, Section 5, page 396, of the acts of 1912, because of the failure of the revenue agent to prosecute it with due diligence.

It is insisted for the appellant, and not denied by counsel for appellee, that the judgment is erroneous. In view of the construction given the act, *supra,* by us in Commonwealth v. Ewald Iron Co., 153 Ky., 116, decided since the judgment was rendered in the instant case, this contention must be sustained; and in the case of Commonwealth of Kentucky, by, etc., v. Standard Oil Co. of Ky., decided January 14, 1915, to be reported in 162 Ky., 149, a case on all-fours with the one under consideration, we found it necessary, under the ruling in Commonwealth v. Ewald Iron Co., *supra,* to reverse a similar judgment.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings in conformity with the opinion in the Ewald case.