## Commonwealth, By et al. v. Kosmos Portland Cement Company.

(Decided February 3, 1915.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Courts—Stare Decisis.—The judgment appealed .from is reversed upon the authority of Commonwealth v. Ewald Iron Co., 153 Ky., 116; Commonwealth v. Standard Oil Co. of Kentucky, 162 Ky., 149, and Commonwealth v. Inter-Southern Life Insurance Co., 162 Ky., 228, where the precise question here presented, was decided adversely to the decision of the trial court.

M. J. HOLT and A. SCOTT BULLITT for appellant.

HUMPHREY, MIDDLETON & HUMPHREY. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Reversing.

This proceeding was begun under Section 4260 of the Kentucky Statutes by the State Revenue Agent, in the Jefferson County Court, on February 4, 1911, for the purpose of assessing for taxation for the year 1911 certain personal property of the appellee, which appellant alleged was omitted from taxation for that year. The case was tried in the county court on July 13, 1911, and submitted for judgment, which was entered on August 21, 1911, assessing two items of small value. The Commonwealth prosecuted an appeal to the Jefferson Circuit Court by filing a transcript of the county court judgment in the circuit court clerk's office on September 16, 1911. When the case was called for trial on September 28, 1912, in the circuit court, the defendant, who is the appellee here, moved the court to dismiss the action without prejudice at the cost of the revenue agent, under the provisions of the Act of 1912, which requires a diligent prosecution of acts of this character. (Acts

1912, page 396.) This motion was sustained; and the action having been dismissed without prejudice at the cost of the revenue agent, he prosecutes this appeal.

The Act of 1912 was construed in Commonwealth v. Ewald Iron Co., 153 Ky., 116; and, under the interpretation there given to the act, and by excluding the non-juridical days, it is conceded by counsel for appellee, and is unquestionably true, that the judgment of the circuit court in dismissing the action was erroneous. The decision in the Ewald Iron Company case was followed in Commonwealth v. Standard Oil Co., 162 Ky., 149, and again in Commonwealth v. Inter-Southern Life Insurance Co., 162 Ky., 228. Those cases are on all fours with the case at bar, and, under the principle of *stare decisis*, require a reversal of the judgment of the circuit court.

Judgment reversed and cause remanded for further proceedings.